**Order filed October 18, 2019**



In The

# Eleventh Court of Appeals

_____

## No. 11-19-00190-CR

_____

## BILLY MARSHALL SHERMAN, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 266th District Court**
**Erath County, Texas**
**Trial Court Cause No. CR15259**

### O R D E R

The trial court convicted Appellant, Billy Marshall Sherman, of the offense of online solicitation of a minor with the intent to commit the offense of sexual performance by a child. The trial court assessed Appellant's punishment at confinement for ten years. The trial court sentenced Appellant in absentia. We abate the appeal.

Appellant's court-appointed counsel has filed a motion to withdraw. The motion is supported by a brief in which counsel professionally and conscientiously examines the record and applicable law and concludes that this appeal is frivolous. Counsel has provided Appellant with a copy of the brief, a copy of the motion to withdraw, and a copy of the clerk's record and the reporter's record "except for the sealed part of the exhibits." Counsel advised Appellant of his right to review the record and file a response to counsel's brief. Counsel also advised Appellant of his right to file a petition for discretionary review with the clerk of the Texas Court of Criminal Appeals seeking review by that court. *See* TEX. R. APP. P. 68. It appears that court-appointed counsel has attempted to comply with the requirements of *Anders v. California*, 386 U.S. 738 (1967); *Kelly v. State*, 436 S.W.3d 313 (Tex. Crim. App. 2014); *In re Schulman*, 252 S.W.3d 403 (Tex. Crim. App. 2008); and *Stafford v. State*, 813 S.W.2d 503 (Tex. Crim. App. 1991).

Appellant has not filed a pro se response to counsel's *Anders* brief. Following the procedures outlined in *Anders* and *Schulman*, we have independently reviewed the record, and we disagree with court-appointed counsel's conclusion that the appeal is frivolous. Of particular concern to this court is the fact that Appellant was not present when the trial court pronounced Appellant's sentence. *See* TEX. CODE CRIM. PROC. ANN. art. 42.03, § 1(a) (West 2018).

Accordingly, we grant counsel's motion to withdraw, abate this proceeding, and remand the cause to the trial court for the appointment of new appellate counsel. *See Bledsoe*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005). We direct the trial court to appoint new counsel to represent Appellant on appeal. The trial court shall furnish the name, address, telephone number, and state bar number of new counsel in its order appointing new counsel. The order shall be included in a supplemental clerk's record, which shall be filed with the clerk of this court on or before

November 1, 2019. Appellant's brief is due to be filed in this court thirty days from the date of the trial court's appointment of new counsel.

The motion to withdraw is granted; the appeal is abated; and the cause is remanded to the trial court in accordance with this order.

PER CURIAM

October 18, 2019

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Stretcher, J., and Wright, S.C.J.[1]

Willson, J., not participating.

---

[1]Jim R. Wright, Senior Chief Justice (Retired), Court of Appeals, 11th District of Texas at Eastland, sitting by assignment.